DORON WEINBERG (SBN 46131)
LAW OFFICES OF DORON WEINBERG
523 Octavia Street
San Francisco, CA 94102
Telephone: (415) 431-3472
Facsimile: (415) 552-2703
doronweinberg@aol.com

Attorney for Defendant
GEVORK TER-MKRTCHYAN

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | **CASE NO. CR-15-0234 CRB** |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | **DEFENDANT GEVORK TER-MKRTCHYAN'S OBJECTIONS TO PROPOSED GROUPING OF DEFENDANTS, AND MOTION TO SEVER COUNTS AND DEFENDANTS** |
| GEVORK TER-MKRTCHYAN, et. al., | ) | |
| _____ | ) | **DATE:** February 8, 2017<br>**TIME:** 1:30 PM<br>**JUDGE:** Hon. Charles R. Breyer<br>**COURT:** 6, 17TH Floor |

Defendant Gevork Ter-Mkrtchyan's Objections to
Proposed Grouping of Defendants, and Motion To Sever
Counts and Defendants (Case No. CR-15-0234 CRB)

**TABLE OF CONTENTS**

| | PAGE |
|---|---|
| INTRODUCTION AND STATEMENT OF FACTS | 2 |
| ARGUMENT | 8 |
| A. THE JOINDER OF UNRELATED CHARGES AGAINST DEFENDANT TER-MKRTCHYAN AND THE JOINDER OF CHARGES AGAINST DEFENDANT TER-MKRTCHYAN WITH UNRELATED CHARGES AGAINST OTHER DEFENDANTS ARE IMPROPER UNDER RULE 8 OF FEDERAL RULES OF CRIMINAL PROCEDURE | 8 |
|     1. The Separate Charges Against Defendant Ter-Mkrtchyan Are Misjoined | 8 |
|     2. The Joinder of Defendants Is Improper under Federal Rule of Criminal Procedure 8(b) | 10 |
| B. THE SEPARATE CHARGES AGAINST DEFENDANT SHOULD BE SEVERED FROM EACH OTHER AND FROM THE UNRELATED CHARGES AGAINST OTHER DEFENDANTS TO AVOID UNDUE PREJUDICE, PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 14 | 12 |
| C. THE COURT SHOULD EXERCISE ITS DISCRETION AND REMOVE DEFENDANT TER-MKRTCHYAN FROM THE GOVERNMENT'S PROPOSED GROUP ONE FOR TRIAL | 13 |

_____
Defendant Gevork Ter-Mkrtchyan's Objections to
Proposed Grouping of Defendants, and Motion To Sever
Counts and Defendants (Case No. CR-15-0234 CRB)

i

# TABLE OF AUTHORITIES

**CASE**                                                                                                        **PAGE**

*Kotteakos v. United States*, 328 U.S. 750, 773 (1946)        8

*United States v. Baker*, 10 F.3d 1374, 1387 (9th Cir. 1993)        10

*United States v. Bledsoe*, 674 F.2d 647, 656 (8th Cir. 1982)
   *overruled on other grounds*        11

*United States v. DeBright*, 730 F.2d 1255, 1259 (9th Cir. 1984) (*en banc*)        10

*United States v. Escalante*, 637 F.2d 1179, 1201 (9th Cir. 1980)        13

*United States v. Ford*, 632 F.2d 1354, 1372 (9th Cir. 1980)
   *overruled on grounds*        10

*United States v. Graham*, 275 F.3d 490, 512 (6th Cir. 2001)        9

*United States v. Hawkins*, 776 F.3d 200 (4th Cir. 2015)        9

*United States v. Lane*, 474 U.S. 438 (1986)        11

*United States v. Maranghi*, 718 F.Supp. 1450, 1453 (N.D. CA 1989)        10, 11

*United States v. Martin*, 567 F.2d 849, 853 (9th Cir. 1977)        10

*United States v. McCarter*, 316 F.3d 536, 538 (5th Cir. 2002)        12

*United States v. Ragghianti*, 527 F.2d 586 (9th Cir. 1975)        12

*United States v. Randazzo*, 80 F.3d 623, 628 (1st Cir. 1996)        9

*United States v. Richardson*, 161 F.3d 728, 733-34 (D.C. Cir. 1998)        9

*United States v. Sarkisian*, 197 F.3d 966, 975 (9th Cir. 1999)        10

*United States v. Singh*, 261 F.3d 530, 533 (5th Cir. 2001)        9

*United States v. Terry*, 911 F.2d 272, 276 (9th Cir. 1990)        9

*United States v. Velasquez*, 772 F.2d 1348, 1353 (7th Cir. 1985)        10, 11

_____
Defendant Gevork Ter-Mkrtchyan's Objections to
Proposed Grouping of Defendants, and Motion To Sever
Counts and Defendants (Case No. CR-15-0234 CRB)

ii

*Zafiro v. United States*, 506 U.S. 534, 539 (1993)     13

**STATUTES AND OTHER AUTHORITIES**

Federal Rules of Criminal Procedure

    Rule 8     Passim

    Rule 8(a)     Passim

    Rule 8(b)     Passim

    Rule 14     Passim

Defendant Gevork Ter-Mkrtchyan's Objections to
Proposed Grouping of Defendants, and Motion To Sever
Counts and Defendants (Case No. CR-15-0234 CRB)

iii

DORON WEINBERG (SBN 46131)
LAW OFFICES OF DORON WEINBERG
523 Octavia Street
San Francisco, CA 94102
Telephone: (415) 431-3472
Facsimile: (415) 552-2703
doronweinberg@aol.com

Attorney for Defendant
GEVORK TER-MKRTCHYAN

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR-15-0234 CRB |
| Plaintiff, | DEFENDANT GEVORK TER-MKRTCHYAN'S OBJECTIONS TO PROPOSED GROUPING OF DEFENDANTS, AND MOTION TO SEVER COUNTS AND DEFENDANTS |
| vs. | |
| GEVORK TER-MKRTCHYAN, et. al., | DATE: February 8, 2017<br>TIME: 1:30 PM<br>JUDGE: Hon. Charles R. Breyer<br>COURT: 6, 17TH Floor |

  Defendant Gevork Ter-Mkrtchyan hereby submits his objections to his inclusion in what has been designated as Group One for trial in this matter and his motion to sever his trial from that of all charged defendants other than Ara Karapedyan.

  Defendant makes the motion to sever under both Rules 8 and 14 of the Federal Rules of Criminal Procedure. Pursuant to Rule 8, defendant moves for severance of the counts against him on the grounds that the charges against him are not of the same or similar character, are not based on the same act or transaction, and are unconnected with and do not constitute a common

---
Defendant Gevork Ter-Mkrtchyan's Objections to
Proposed Grouping of Defendants, and Motion To Sever
Counts and Defendants (Case No. CR-15-0234 CRB)
1

scheme or plan. Also pursuant to Rule 8 defendant will move for severance of his trial from that of all other defendants save Ara Karapedyan because, with respect to all other co-defendants, defendant Ter-Mkrtchyan is not properly alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses.

Pursuant to Rule 14, defendant Ter-Mkrtchyan moves for relief from the joinder of offenses and defendants because the joinder will clearly prejudice defendant Ter-Mkrtchyan's ability to receive a fair trial on the charges against him.

In addition, defendant will ask the Court to exercise its discretion and to reject the grouping proposed by the government as arbitrary and unreasonable. Defendant was not engaged in any conduct with any member of this group other than Ara Karapedyan, and his alleged conduct is of a completely different character than that alleged against other defendants in the group.

**INTRODUCTION AND STATEMENT OF FACTS**

The Second Superseding Indictment charges Gevork Ter-Mkrtchyan and 23 others jointly in Count One with a racketeering conspiracy incorporating several alleged schemes. With one difference, the same group of 24 defendants is also charged jointly in Count Two (conspiracy to commit identity theft) and 21 of those defendants are charged in Count Three (conspiracy to commit access device fraud). A total of 37 defendants, including all 25 previously named in Counts One through Three, are charged in Count Four (conspiracy to commit mail, wire and bank fraud). 31 defendants, all previously named in Count Four, are charged in Count Five (money laundering conspiracy). 23 defendants, all previously named in Count Four are charged in Count Seven (conspiracy to engage in the unlicensed wholesale distribution of drugs).

In Count Six, defendant Ter-Mkrtchyan and co-defendant Ara Karapedyan alone are

Defendant Gevork Ter-Mkrtchyan's Objections to
Proposed Grouping of Defendants, and Motion To Sever
Counts and Defendants (Case No. CR-15-0234 CRB)

2

charged with conspiracy to use an interstate facility to commit murder for hire, an allegation that is incorporated in the overall RICO conspiracy charged against 24 defendants. Defendant Ter-Mkrtchyan is also charged in Counts Eight through Twenty Three, together with 10 other defendants, with forging endorsements on Treasury checks.

A careful review of the voluminous discovery reveals that there is no substantial factual basis for the inclusion of defendant Ter-Mkrtchyan in the RICO conspiracy or the separate conspiracies alleged in Counts Two through Five and Seven, and no substantial basis for the assertion that the allegations of Count Six (murder for hire conspiracy) are in any way related to the alleged racketeering conspiracy or, for that matter, actually involved a plan to commit murder for hire that would support the charges. The discovery is also devoid of any information supporting the charges against defendant in Counts Eight through Twenty Three, which involve the falsification of U.S. Treasury checks. Indeed, defendant has been informed that the government will not attempt to prove defendant's culpability on any of the charges contained in Counts Eight through Twenty Three.

Given the paucity of information in the Indictment and its factual insufficiency, defendant Ter-Mkrtchyan has, through counsel, made repeated attempts to obtain additional information from the government that would support the charges. Counsel initially scheduled a meeting with the government on August 2, 2016 in order to obtain additional factual information supporting the charges, but the government announced at that meeting that it was not then prepared to provide additional information and a further meeting would be required.

A further meeting was held on September 22, 2016 for the specific purpose of learning what additional information, not yet included in the discovery, offered factual support for the allegations against defendant. That meeting, which was attended by government counsel as well
Defendant Gevork Ter-Mkrtchyan's Objections to
Proposed Grouping of Defendants, and Motion To Sever
Counts and Defendants (Case No. CR-15-0234 CRB)

3

as the lead investigator in the matter, also produced no further details. Rather, defense counsel was informed that additional information did indeed exist that would not be accessible to counsel from his own review of the discovery, but would only be accessible if the government provided guidance as to how relevant information could be identified. Counsel requested that this additional guidance be provided as soon as possible but, despite several followup email requests, no further information of any kind has been provided to date.

Accordingly, defendant makes the instant motion based on the information revealed by a thorough review of all discovery provided thus far.

That discovery reveals:

Defendant Gevork Ter-Mkrtchyan operated a non-profit medical clinic called All Care One Community Health. He was also a friend and associate of co-defendant Ara Karapedyan. During 2014, Karapedyan introduced defendant Ter-Mkrtchyan to "Ravi," the principal undercover agent in this case. Thereafter, defendant met with Karapedyan and Ravi a number of times. The conversations that took place on these occasions provide the principal, if not sole, basis for defendant's inclusion in the Indictment herein.

Although defendant was occasionally present when Karapedyan discussed some of his other activities with Ravi, there are only two sets of conversations in which any potentially illegal conduct involving defendant was discussed: the alleged murder for hire plot, and the transaction of a small number of allegedly fraudulent checks, having a total value of less than $50,000.[1]

---

[1] Defendant recognizes that there are references in the discovery to Ara Karapedyan's involvement with defendant's medical clinic, and some conversations regarding Arman Danielian, a co-defendant placed in Group Two by the government, concerning certain plans which may have involved illegal conduct, but there is no evidence of actual criminal conduct by defendant Ter-Mkrtchyan in connection with either of these bits of discovery.

Defendant Gevork Ter-Mkrtchyan's Objections to
Proposed Grouping of Defendants, and Motion To Sever
Counts and Defendants (Case No. CR-15-0234 CRB)
4

With regard to Count Six, the murder for hire allegation which is alleged to have been part of the RICO conspiracy, the discovery conclusively establishes that defendant did not conspire to have anyone murdered for hire and, more significantly, that the conduct underlying this charge was in any event completely unrelated to the charged RICO conspiracy.

The discovery provided to the defense regarding this charge reveals that defendant was apparently engaged in a romantic relationship with a woman who, he discovered, was also surreptitiously seeing a man named Murad Muradyan. Angered by this revelation, defendant planned revenge against Muradyan by inflicting physical injury, specifically on Muradyan's hands. To accomplish this plan without his personal involvement, Ara Karapedyan suggested that defendant ask Ravi to arrange for the attack to be done anonymously. Ravi agreed that for $1500.00 he could hire three strangers to commit the assault.

The conversations regarding this plan were recorded, and those recordings make clear that this was a vendetta between Ter-Mkrtchyan and Muradyan, having nothing to do with the alleged RICO conspiracy. Indeed, on September 2, 2014 Ara Karapedyan advised Ravi that the matter was "personal."[2] The recordings also make clear that Karapedyan and defendant Ter-Mkrtchyan did not intend that Muradyan be killed. They stated clearly at several points that all they were seeking was to have Muradyan's hands injured, to "beat the hands so they don't work." Also, on October 14, Karapedyan specifically urged that they "make sure he is not in the car so that things don't get complicated." Karapedyan also said that things getting really out of hand "are not preferable." And, defendant Ter-Mkrtchyan after being told that Muradyan may have a

---

[2] It appears that Karapedyan and Ter-Mkrtchyan told Ravi that they wanted Muradyan's hands injured because he had "hacked" websites that he was not supposed to access, but the balance of the discovery makes clear that this was a fabrication, and that jealously was the real reason for the "personal" attack.

Defendant Gevork Ter-Mkrtchyan's Objections to
Proposed Grouping of Defendants, and Motion To Sever
Counts and Defendants (Case No. CR-15-0234 CRB)

5

gun, suggested that they overpower or surprise Muradyan so that he isn't able to use his guns.

It was Ravi who attempted to escalate the matter by suggesting that "sometimes these things get out of hand," but Karapedyan specifically asked that they make sure "it doesn't get out of hand." Finally, after Ravi pressed the issue, defendant Ter-Mkrtchyan said "if there is the kind of situation where they have to finish it, finish it."

Clearly, this qualifies marginally, if at all, as a plot to commit murder for hire, since it is clear that all Karapedyan and defendant were soliciting was the infliction of physical injury, not death. The offense, therefore, is one under state law for conspiracy to commit assault, not a federal offense of use of interstate facilities in a conspiracy to commit murder for hire.

But, far more clearly, this incident has no relationship to any of the other allegations in the Indictment, and no connection whatever to any of the other 35 individuals named in the remaining Twenty Two counts of the Indictment.

Similarly, defendant Ter-Mkrtchyan's involvement in the negotiation of apparently fraudulent checks is also independent of any other allegation in the Indictment and involves none of the defendants other than Ara Karapedyan.

The lack of connection between defendant Ter-Mkrtchyan's financial activities and those of other defendants is implicitly recognized in paragraphs 20-23 of the Indictment. There, under the heading "Negotiation of Fraudulent Checks" the government asserts that the defendants as a group negotiated and attempted to negotiate in excess of 500 fraudulent checks totaling more than $5 million dollars, noting that a substantial portion of the fraudulent checks were tax refunds sent by mail by the United States Treasury, and many of those checks were based on fraudulent tax returns filed with the IRS. Paragraph 21 lists 53 tax refund checks totaling almost $600,000 that were part of this scheme.

Defendant Gevork Ter-Mkrtchyan's Objections to
Proposed Grouping of Defendants, and Motion To Sever
Counts and Defendants (Case No. CR-15-0234 CRB)

6

Paragraph 22, in one of the only two substantive references to defendant Ter-Mkrtchyan in the entire Indictment, makes the following distinction: "Tax refund checks procured through the filing of fraudulent tax filings, however, were not the only checks from which the defendant [sic] sought to profit. For instance, GEVORK TER-MKRTCHYAN provided checks either issued from a bank account maintained under the name for his non-profit clinic, All Care One Community Health, or issued to All Care One Community Health as the payee."

Plainly, this is a recognition that defendant Ter-Mkrtchyan's activity, whatever it may have been, was separate from that of the other defendants. Indeed, the discovery reveals that the only conduct by defendant that arguably has anything to do with financial transactions involves approximately 20 checks, totaling less than $50,000, that were either written by defendant's clinic to individuals or by law firms to defendant's clinic, and were supplied to Ravi to be converted to cash. Whether this conduct involved money laundering, identity theft or any other violation of law is unclear, but what is clear is that the conduct had no connection to the allegations involving any defendant other than Ara Karapedyan, specifically including the other eight defendants in the government's proposed Group One.

Given the lack of any actual connection between defendant Ter-Mkrtchyan's conduct and the conduct of any defendant other than Ara Karapedyan, there is no rational basis for assigning defendant Ter-Mkrtchyan to any of the government's proposed groups, and it appears that his assignment to Group One was made not on a rational basis but simply by default. Defendant Ter-Mkrtchyan was not involved in the large scale drug diversion schemes of Group Two, and admittedly not involved in the tax fraud and Treasury forgeries involved in Group Three. But, although defendant was involved in some financial transactions, his conduct was completely unrelated to that of the other defendants in Group One.

Defendant Gevork Ter-Mkrtchyan's Objections to
Proposed Grouping of Defendants, and Motion To Sever
Counts and Defendants (Case No. CR-15-0234 CRB)

7

# ARGUMENT

## A. THE JOINDER OF UNRELATED CHARGES AGAINST DEFENDANT TER-MKRTCHYAN AND THE JOINDER OF CHARGES AGAINST DEFENDANT TER-MKRTCHYAN WITH UNRELATED CHARGES AGAINST OTHER DEFENDANTS ARE IMPROPER UNDER RULE 8 OF FEDERAL RULES OF CRIMINAL PROCEDURE.

Although the only evidence against defendant Gevork Ter-Mkrtchyan contained in the discovery or alluded to in the Indictment involves two discreet matters – an alleged plan to commit murder for hire and the improper conversion of approximately 20 checks having a value of less than $50,000 – he is named in an overarching RICO conspiracy and six separate conspiracies subsumed thereunder. Defendant believes that the formulation of these charges is a gross abuse of prosecutorial discretion.

For all that the discovery herein reveals, the only basis for joining defendant Ter-Mkrtchyan and dozens of others in this Indictment is that a single person – Ara Karapedyan – appears to have been involved in all of the separate schemes. Even if true, this is not an appropriate basis for the joinder of counts and defendants. As the Supreme Court said in a related context, "We do not think that either Congress . . . or this Court . . . intended to authorize the Government to string together, for common trial, eight or more separate and distinct crimes, conspiracies related in kind though they might be, when the only nexus among them lies in the fact that one man participated in all." *Kotteakos v. United States*, 328 U.S. 750, 773 (1946).

### 1. The Separate Charges Against Defendant Ter-Mkrtchyan Are Misjoined

Rule 8(a) allows joinder of separate charges against a defendant (1) when the offenses "are of the same or similar character," (2) when the offenses are "based on the same act or transaction," and (3) when the offenses are "connected with or constitute parts of a common

Defendant Gevork Ter-Mkrtchyan's Objections to
Proposed Grouping of Defendants, and Motion To Sever
Counts and Defendants (Case No. CR-15-0234 CRB)

8

scheme or plan." Defendant recognizes that Rule 8(a) is broadly construed in favor of joinder, *United States v. Graham*, 275 F.3d 490, 512 (6th Cir. 2001), *United States v. Singh*, 261 F.3d 530, 533 (5th Cir. 2001). But defendant submits that even under the most liberal construction there is no basis for the joinder of the alleged murder for hire plot with the fraudulent check charges, let alone with the broad drug distribution and money laundering and other conspiracies in which defendant is improperly named. Indeed, it is difficult to discern which of the three purported grounds for joinder set forth in Rule 8(a) could even arguably apply.

Clearly, conspiracy to commit murder for hire is not a crime of the "same or similar character" as the financial crimes, drug diversion and tax fraud incorporated in the Indictment's other allegations, "except at a level of generality so high as to drain the term of any real content." *United States v. Randazzo*, 80 F.3d 623, 628 (1st Cir. 1996).

Nor can it be said that the offenses are part of the "same act or transaction," since there is absolutely no overlap of issues or evidence between the charges. *Cf. United States v. Richardson*, 161 F.3d 728, 733-34 (D.C. Cir. 1998). See also, *United States v. Hawkins*, 776 F.3d 200 (4th Cir. 2015).

Presumably the government will claim that the offenses are somehow "connected with or part of a common scheme or plan," but there is no evidentiary basis to support this assertion. Although the Indictment states in broad and vague terms that all charges were part of an overarching RICO conspiracy, the Indictment fails to allege any commonality between the offenses charged against defendant Ter-Mkrtchyan. The joinder is accordingly improper. See, *United States v. Terry*, 911 F.2d 272, 276 (9th Cir. 1990).

///

///

Defendant Gevork Ter-Mkrtchyan's Objections to
Proposed Grouping of Defendants, and Motion To Sever
Counts and Defendants (Case No. CR-15-0234 CRB)
9

## 2. The Joinder of Defendants Is Improper under Federal Rule of Criminal Procedure 8(b).

Federal Rule of Criminal Procedure 8(b) governs the joinder of defendants in a single indictment. While the rule is to be "construed liberally in favor of joinder," *United States v. Baker*, 10 F.3d 1374, 1387 (9th Cir. 1993), "[t]he limits set by Rule 8(b) cannot be taken lightly." *United States v. Maranghi*, 718 F.Supp. 1450, 1453 (N.D. CA 1989).

Rule 8(b) provides:

> "Two or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses. Such defendants may be charged in one or more counts together or separately and all of the defendants need not be charged in each count."

"[J]oinder is improper unless all offenses arise out of the same series of acts or transactions." *United States v. Martin*, 567 F.2d 849, 853 (9th Cir. 1977). "In determining whether two or more offenses are part of the 'same series of acts or transactions constituting an offense,' [citation omitted] [courts] look for a 'logical relationship' between the offenses." *United States v. Sarkisian*, 197 F.3d 966, 975 (9th Cir. 1999). "Mere factual similarity of events will not suffice. Rather, there must be some greater 'logical relationship' between the occurrences." (*Ibid.*).

"Such a logical relationship may be shown by the existence of a common plan, scheme, or conspiracy." (*Ibid.*). Thus, joinder of defendants is improper unless there exists an overarching conspiracy of which all joined defendants are members or associates. *United States v. Ford*, 632 F.2d 1354, 1372 (9th Cir. 1980), *overruled on grounds*, *United States v. DeBright*, 730 F.2d 1255, 1259 (9th Cir. 1984) (*en banc*); see also, *United States v. Velasquez*, 772 F.2d 1348, 1353 (7th Cir. 1985), requiring a common plan or scheme that could have been charged as a

---

Defendant Gevork Ter-Mkrtchyan's Objections to
Proposed Grouping of Defendants, and Motion To Sever
Counts and Defendants (Case No. CR-15-0234 CRB)

10

single conspiracy.

In cases where multiple conspiracies are alleged against multiple defendants, the Seventh Circuit has stated that:

> "Rule 8(b) codifies the long-standing rules of trying conspirators together but does not open the door to mass trials . . . . The indictment need not charge a single over-arching conspiracy, provided the separate conspiracies it charges arise from a common plan or scheme and so could alternatively have been charged as a single conspiracy. But the mere fact that two conspiracies have overlapping memberships will not authorize a single indictment if the conspiracies cannot be tied together into one conspiracy, one common plan or scheme." *Velasquez, supra,* 772 F.2d at 1353.

The Eighth Circuit has similarly stated that "Rule 8(b) requires that there be some common activity involving all of the defendants which embraces all the charged offenses even though every defendant need not have participated in or be charged with each offense." *United States v. Bledsoe*, 674 F.2d 647, 656 (8th Cir. 1982) *overruled on other grounds*, *United States v. Lane*, 474 U.S. 438 (1986) (holding that misjoinder Rule 8(b) is subject to harmless error analysis and is not reversible error *per se*). The Court in *Bledsoe* expressly held that joinder is improper unless the same series of acts or transactions were "part of one overall scheme about which all joined defendants knew and in which they all participated." (*Ibid.*). This District has found misjoinder in cases where there was no reason to believe that there was an over-arching conspiracy such "that each and every defendant was working toward a common end in which all would share the fruits of their collective labor." *Maranghi, supra,* 718 F.Supp. at 1453.

Notwithstanding the government's hyperbolic pronouncements, the allegations of this Indictment simply do not suffice to justify the joinder of all of the Indictment's disparate allegations and unrelated defendants.

///

Defendant Gevork Ter-Mkrtchyan's Objections to
Proposed Grouping of Defendants, and Motion To Sever
Counts and Defendants (Case No. CR-15-0234 CRB)

11

## B. THE SEPARATE CHARGES AGAINST DEFENDANT SHOULD BE SEVERED FROM EACH OTHER AND FROM THE UNRELATED CHARGES AGAINST OTHER DEFENDANTS TO AVOID UNDUE PREJUDICE, PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 14

If permitted to have its way, it is apparently the government's intent to try the charges against Gevork Ter-Mkrtchyan – that he fraudulently cashed some 20 checks having a total value of less than $50,000 and that he sought to have a romantic rival physically injured – as part of a massive RICO conspiracy involving hundreds of millions of dollars of illegal transactions in prescription drugs, and tens of millions of dollars in money laundering and tax fraud, offenses in which he was not involved. Irrespective of whether these charges are properly joined under Rule 8, this Court has discretion to order severance in order to avoid undue prejudice.

The most obvious prejudice arises from the fact that a jury is likely to be influenced to convict defendant of charges for which there is little or no evidence because of the evidence involved in the allegation that he conspired to commit murder for hire. See, e.g., *United States v. McCarter*, 316 F.3d 536, 538 (5th Cir. 2002). Conversely, a jury may be influenced to convict defendant of the very serious charge of conspiracy to commit murder for hire, despite the weakness of evidence in support of the charge, because of the overwhelming suggestion, unsupported by evidence, that he is a "racketeer" engaged in a "pattern of racketeering activity." See, generally, *United States v. Ragghianti*, 527 F.2d 586 (9th Cir. 1975).

A principal factor in the determination of whether defendant will be unduly prejudiced by joinder is whether the jury will be able to independently consider each count. As the Ninth Circuit has observed, "the prime consideration in assessing the prejudicial effect on a joint trial is whether the jury can reasonably be expected to compartmentalize the evidence as it relates to

Defendant Gevork Ter-Mkrtchyan's Objections to
Proposed Grouping of Defendants, and Motion To Sever
Counts and Defendants (Case No. CR-15-0234 CRB)

12

separate defendants, in view of its volume and the limited admissibility of some of the evidence." *United States v. Escalante*, 637 F.2d 1179, 1201 (9th Cir. 1980). This compartmentalization "is especially difficult when . . . defendants are tried together in a complex case and they have markedly different degrees of culpability." *Zafiro v. United States*, 506 U.S. 534, 539 (1993).

The complexity of the government's jerry-rigged Indictment, and the wide disparity of culpability among the 37 defendants, essentially guarantees that the jury will not be able to fulfill its obligation to compartmentalize the evidence and to consider each count against each defendant separately.[3] More specifically, as it relates to defendant Ter-Mkrtchyan, in the context of a trial involving all the RICO and related conspiracy allegations it will be impossible to receive a fair trial on the allegations that he engaged in fraudulent check transactions and conspired to commit murder (or assault) for hire.

### C. THE COURT SHOULD EXERCISE ITS DISCRETION AND REMOVE DEFENDANT TER-MKRTCHYAN FROM THE GOVERNMENT'S PROPOSED GROUP ONE FOR TRIAL

The government's proposed division of groups places defendant in Group One together with Ara Karapedyan and eight others: Loui Artin, Michael Inman, Hripsime Khachtryan, Dimitry Kustov, Tigran Sarkisyan, Artin Sarkissians, Maxwell Starsky and Ararat Yesayan.

The placement of defendant Ter-Mkrtchyan with this group of defendants for trial is entirely arbitrary. It has no factual, legal or logical basis, because in fact defendant engaged in no conduct, direct or indirect, with these eight defendants. The most that can be said is that although unrelated, defendant's check cashing activities (but not the alleged murder for hire

---

[3] It should be noted that, regardless of how the defendants are divided into separate groups, unless this Court grants severance it is the government's stated intent to try defendant Ter-Mkrtchyan on all of the RICO and RICO conspiracy charges in the Indictment.

Defendant Gevork Ter-Mkrtchyan's Objections to
Proposed Grouping of Defendants, and Motion To Sever
Counts and Defendants (Case No. CR-15-0234 CRB)

conspiracy) bear some remote resemblance to the various schemes, involving fraudulent bank accounts, false identities, and stolen checks alleged against the other defendants. But this vague and distant resemblance is not a basis for joinder of these defendants or their charges.

Based on the most recent Order from the Court issued on December 22, 2016 defendant surmises that four of the defendants included in Group One have resolved their cases, and only six would be joined for trial: defendants Ter-Mkrtchyan and Ara Karapedyan, as well as Maxwell Starsky, Tigran Sarkisyan, Hripsime Khachtryan and Ararat Yesayan. Maxwell Starsky has persuasively argued in his filing of December 15, 2016 that he does not belong in Group One because he shares nothing in common with the other defendants in that group. The same is true of the remaining three defendants. Tigran Sarkisyan and Hripsime Khachtryan, husband and wife, are associates of Starsky, and the only allegations against them involve the submission of fraudulent tax returns which, as the government and the Indictment explicitly recognize, is an activity in which defendant Ter-Mkrtchyan did not participate. Defendant Yesayan allegedly opened bank accounts and post office boxes using false accounts, which accounts were used by the Stepanyans to launder between $27 and $37 million. Other than the fact that money was somehow involved, there is no relation whatsoever between the conduct alleged against Yesayan and that alleged against defendant Ter-Mkrtchyan.

The only grouping that is fair both to defendant Ter-Mkrtchyan and all other defendants in the case is the designation of Gevork Ter-Mkrtchyan and Ara Karapedyan as a group, separate and apart from all other defendants. Only in this way can defendant Ter-Mkrtchyan receive a fair trial on the limited allegations against him without the undue prejudice of racketeering and conspiracy allegations in which he played no part, and only in this way can all other defendants have their guilt or innocence fairly determined untainted by the exaggerated murder for hire

---

Defendant Gevork Ter-Mkrtchyan's Objections to
Proposed Grouping of Defendants, and Motion To Sever
Counts and Defendants (Case No. CR-15-0234 CRB)

14

allegations arising from conduct totally unrelated to all other conduct alleged in the Indictment.

Dated: December 22, 2016          Respectfully submitted,

LAW OFFICES OF DORON WEINBERG


 /s/ Doron Weinberg
DORON WEINBERG
Attorney for Defendant
GEVORK TER-MKRTCHYAN

Defendant Gevork Ter-Mkrtchyan's Objections to
Proposed Grouping of Defendants, and Motion To Sever
Counts and Defendants (Case No. CR-15-0234 CRB)

15